# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv225

| | |
|---|---|
| HELEN CLIETTE HOUEY and EMMANUEL HOUEY, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CAROLINA FIRST BANK, )<br>TD BANK, )<br>)<br>Defendants. ) | **O R D E R** |

**THIS MATTER** is before the Court on the following:

1. A Motion for Remand [Doc. 10] filed in this matter by Michelle Smith;

2. TD Bank's Motion to Dismiss [Doc. 7]; and

3. A Motion to Cancel Foreclosure Sale [Doc. 12] filed in this matter by Michelle Smith.

## PROCEDURAL HISTORY

In August 2011, Plaintiffs Helen Cliette Houey and Emmanuel Houey (Houeys), appearing *pro se*, filed a thirty-seven page Complaint in state court alleging eighteen causes of action against the Defendants. [Doc. 1-1]. The

Houeys alleged $290,000.00 in damages stemming primarily from the Defendants' foreclosure of real property owned by Plaintiff Helen Houey in Shelby, North Carolina. [Id.]. The property at issue has been pledged as collateral for a commercial promissory note which is purportedly in default. [Id.]. TD Bank is the successor by merger to Carolina First Bank, and it removed the action to this Court on September 8, 2011 on the basis of both diversity and federal question jurisdiction. [Doc. 1].

In response to the removal, Michelle Smith (Smith) filed the motions to remand the action to state court and to cancel the foreclosure sale.[1] [Doc. 10]. In the motion to remand, Smith states that she has changed the names of the Plaintiffs because Emmanuel Houey does not own the real property at issue; instead, she and Helen Houey allegedly own the property. [Id.]. Helen Houey has not, however, moved for leave to amend the Complaint to add Smith as a party plaintiff. Fed.R.Civ.P. 15. Nor has Smith moved for leave to intervene in the action as a plaintiff. Fed.R.Civ.P. 24. Instead, Smith has simply signed both of the pending motions on behalf of Helen Houey. [Doc. 10]. In addition, Plaintiff Emmanuel Houey has not moved to dismiss the claims he has asserted against the Defendants.

---

[1]Smith is allegedly the daughter of Helen Houey. [Doc. 1-1 at 56].

## DISCUSSION

"While [28 U.S.C. §1654] allows [Michelle Smith] to prosecute [her] own actions *in propria persona*, that right is personal to [her], and absent some other statutory authorization, [she] has no authority to prosecute an action in federal court on behalf of others than [herself]." Stoner v. Santa Clara County Office of Education, 502 F.3d 1116, 1126 (9th Cir. 2007), cert. denied 552 U.S. 1281, 128 S.Ct. 1728, 170 L.Ed.2d 515 (2008). Even the non-attorney parent of a minor child may not represent the interests of that child in litigation. Myers v. Loudoun County Public Schools, 418 F.3d 395 (4th Cir. 2005). The right to litigate one's claims without an attorney does not give rise to the right to litigate for others. Id., at 400; Kelly v. University Health Systems, 2011 WL 780597 (E.D.N.C. 2011) (daughter could not bring action on behalf of mother in *pro se* capacity); accord, Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir. 2001) (stating *pro se* litigants lack authority to represent the interests of other parties).

Helen Houey has not moved for leave to amend the Complaint and Smith has not moved for leave to intervene in this action. Moreover, even if Smith were a party to the action, she still could not represent the interests of her mother because she is not licensed as an attorney in this Court. As a

3

result, the motions to remand and to cancel will be denied without prejudice to the rights, if any, of the named Plaintiffs to so move. It is also noted that the Houeys have failed to respond to the Defendants' motion to dismiss. The Houeys will be provided with a short period of time within which to file response. Smith, however, is cautioned that she may not prepare and file response on behalf of her mother. S.E.C. v. White, 2011 WL 1544202 (D.S.C. 2011) (noting that even if family member holds power of attorney for party, non-lawyer cannot represent *pro se* party without violating law regarding unauthorized practice of law) (citations omitted); Bennett v. Owens, 2009 WL 1916707 (D.S.C. 2009); N.C. Gen. Stat. §84-4.

## NOTICE

Helen and Emmanuel Houey are hereby provided notice that the Defendants have moved to dismiss this action on the ground that the claims asserted in the Complaint do not state claims upon which legal relief may be granted. [Doc. 8]. The Defendants also argue that the Complaint should be dismissed because the causes of action asserting claims for fraud are not alleged with sufficient particularity; that is, the pleader has not alleged the time, place and contents of false representations and/or the identities of individuals making the misrepresentations. [Id.].

4

Because the Plaintiffs proceed *pro se*, the Court will provide instruction as to their obligation to respond to the motion and the time within which to do so. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The Plaintiffs are cautioned that failure to respond to the Motion to Dismiss will result in its being granted in which case the lawsuit will be dismissed.

In responding to this motion, the Plaintiffs must show that they have made sufficient allegations in the Complaint to support causes of action against the Defendants which are recognized by law.

> To survive [the] motion, "[f]actual allegations must be strong enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." [T]he court "need not accept the [Plaintiffs'] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."

Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (other citations omitted).

The Plaintiffs are therefore advised that the Complaint must contain factual matter which, if accepted as true, would "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 674, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). A claim is facially plausible

when a plaintiff pleads sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. the Motion for Remand [Doc. 10] filed in this matter by Michelle Smith is hereby **DENIED** without prejudice;

2. the Motion to Cancel Foreclosure Sale [Doc. 12] filed in this matter by Michelle Smith is hereby **DENIED** without prejudice;

3. the Plaintiffs Helen and Emmanuel Houey may file response to TD Bank's Motion to Dismiss [Doc. 7] on or before fifteen (15) days from entry of this Order. Failure to do so may result in the dismissal of this action without further notice.

Signed: November 8, 2011

Martin Reidinger
United States District Judge