# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv225

| | |
|---|---|
| HELEN CLIETTE HOUEY and<br>EMMANUEL HOUEY,<br><br>      Plaintiffs,<br><br>vs.<br><br>CAROLINA FIRST BANK, TD BANK,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**THIS MATTER** is before the Court on the following matters:

1. The Plaintiffs' Motion for Attachment Lien [Doc. 53];

2. The Plaintiffs' Motion for Quiet Title Action [Doc. 54];

3. The Court's Order entered September 17, 2012 requiring the Plaintiffs to advise the Court in writing on or before fifteen business from entry of the Order of their intention to pursue this action [Doc. 51];

4. The Plaintiffs' Motion for Extension of Time [Doc. 59]; and

5. The Motion to Intervene of Michelle Smith [Doc. 60].

## PROCEDURAL HISTORY

In August 2011, Plaintiffs Helen Cliette Houey (Helen) and Emmanuel Houey, appearing *pro se*, filed a thirty-seven page Complaint in state court alleging eighteen causes of action against the Defendants. [Doc. 1-1]. The Houeys alleged $290,000.00 in damages stemming from the Defendants' foreclosure of real property allegedly owned solely by Helen in Shelby, North Carolina. [Id.]. The property at issue had been pledged as collateral for a commercial promissory note which Defendant has asserted is in default. [Id.]. TD is the successor by merger to Carolina First Bank and it removed the action to this Court on September 8, 2011 on the basis of diversity and federal question jurisdiction.[1] [Doc. 1].

In response to the removal, Michelle Smith (Smith), who asserts that she is Helen's daughter, filed a motion to remand the action to state court. [Doc. 1-1 at 56; Doc. 10]. Two days later, TD filed a motion to dismiss certain claims set out in the Complaint. [Doc. 7]. Smith then filed a motion to cancel the foreclosure sale. [Doc. 12]. Smith signed both of the motions on Helen's behalf, even though she is not an attorney. [Doc. 10; Doc. 12]. On November 7, 2011, Smith also filed a response to TD's motion to dismiss certain claims

---

[1]The Court hereafter refers to the Defendants in the singular since TD has succeeded to all interest of Carolina First Bank.

and signed the pleading on behalf of her mother. [Doc. 19 at 18].

By Order entered November 8, 2011, this Court denied the motions filed by Smith without prejudice. [Doc. 18]. In the Order, the Court explained to Smith that she does not have any authority to represent her mother because she is not an attorney. [Id.]. The Order contained a notice to the Houeys, as *pro se* Plaintiffs, of the burden on them to come forward with a response to TD's Motion to Dismiss, and they were instructed to file a response to that motion on or before November 23, 2011. [Id.]. Smith was cautioned that she was not allowed to file any response to the motion on behalf of her mother. [Id.]. Despite the Court's admonitions, Smith continued to file documents which she signed on behalf of her mother. [Doc. 22; Doc. 23; Doc. 24; Doc. 25]. These documents have been stricken from the record. [Doc. 26].

On December 1, 2011, the *pro se* Plaintiffs filed an untimely response to TD's Motion to Dismiss. [Doc. 29]. TD promptly moved to strike that response for being untimely. [Doc. 32]. On December 1, 2011, the Plaintiffs also filed a motion to enjoin the impending foreclosure sale and a motion for leave to amend their Complaint to add Smith as a party plaintiff. [Doc. 27, Doc. 28]. In that motion, Plaintiffs disclosed that after the Order Allowing Foreclosure was entered by the state court, Helen executed a quit claim deed

purporting to convey her interest in the property in question to Smith. [Id.]. A copy of the deed was attached to the motion. [Id.]. On December 2, 2011, Smith moved for leave to intervene in the action as a plaintiff and requested an extension of time within which to retain an attorney. [Doc. 30; Doc. 31]. In response to the motion to stop the final foreclosure sale, TD disclosed that no appeal had been taken from the state court's Order Allowing Foreclosure dated August 10, 2011 and it had become final. [Doc. 33].

On March 5, 2012, in an apparent effort to prevent the foreclosure sale, Helen filed for bankruptcy protection. [Doc. 40]. On April 25, 2012, Helen, along with Smith, moved once again to enjoin the foreclosure of the property at issue. [Doc. 46]. In response, TD disclosed that the property had been sold at foreclosure on February 28, 2012 to TD as the highest bidder. [Doc. 48]. In fact, the Deed had already been recorded. [Id. at 2].

On August 10, 2012, this Court ruled that the automatic stay provisions of the United States Bankruptcy Code do not apply to this action. [Doc. 49]. The Court requested that the Plaintiffs' Bankruptcy Trustee advise whether he would continue to pursue this action. [Id.]. In the same Order, the Court also dismissed ten of the eighteen claims asserted by the Plaintiffs in their Complaint and denied the Plaintiffs' motions for injunctive relief and denied

4

Smith's motion to intervene. [Id.].

On September 10, 2012, Steven G. Tate, Standing Chapter 13 Trustee, advised the Court that although he has standing to pursue this action, he would decline to do so. [Doc. 50]. He also advised that it was his position as Trustee that the Plaintiffs have an independent basis for standing to pursue the case. [Id.]. In the opinion of Mr. Tate, however, the costs of the litigation versus the potential benefit to the bankruptcy estate did not warrant further litigation. [Id.].

On September 11, 2012, the Plaintiffs attempted to appeal the Court's August 10, 2012 ruling. [Doc. 52]. The appeal, however, was interlocutory as to any claim other than the denial of injunctive relief and, in any event, was untimely filed. 28 U.S.C. §1292(a)(1); Fed.R.App.P. 4(a)(1)(A). On the same day that the Plaintiffs filed the Notice of Appeal, they filed two additional documents, a Motion for Attachment Lien and a Motion for Quiet Title Action. [Doc. 53, Doc. 54].

In light of the Chapter 13 Trustee's opinion as to the value of this action, this Court entered an Order on September 17, 2012 requiring the Plaintiffs to notify the Court whether they intended to continue the prosecution of this action. [Doc. 51]. They were required to inform the Court within fifteen days

of the entry of the order. [Id.]. That time period expired on October 4, 2012, without the Plaintiffs having complied. In the Order, the Court specifically warned the Plaintiffs that their failure to comply with the Order could result in the dismissal of the action without prejudice and without any further notice. [Id. at 2].

On September 25, 2012, the Defendant TD filed two pleadings in response to the purported motions for attachment and quiet title. [Doc. 56, Doc. 57]. In each pleading, the Defendant disclosed that on September 12, 2012 the Plaintiffs entered into a Consent Order in the United States Bankruptcy Court for the Western District of North Carolina. [Doc. 56-1 at 2]. In that Order, the Plaintiffs, through counsel, agreed "[t]hat the automatic stay [had not] been applicable to the real property located at 211 Merit Drive, Shelby, North Carolina and TD Bank's foreclosure of that property is complete and valid." [Id. at 3].

On October 12, 2012, Helen filed the pending motion for an extension of deadlines due to her health. [Doc. 59]. Helen disclosed in this motion that she has suffered a stroke, is currently in a rehabilitation facility, is unable to walk and cannot clearly speak. [Id.]. The Court construes this motion as one to continue the case from the November trial calendar.

On the same date, Helen's daughter, Smith, moved again for leave to intervene.

**DISCUSSION**

As previously noted, on August 10, 2012, this Court dismissed every cause of action except the following claims: (1) Count IV for breach of the contractual covenants of good faith and fair dealing; (2) Count IX for violations of the North Carolina Consumer Economic Protection Act; (3) Count X for violations of the North Carolina Homeowner and Homebuyer Protection Act; (4) Count XI for violations of the North Carolina Extend Emergency Foreclosure Program; (5) Count XII for violations of the North Carolina Predatory Lending Law; (6) Count XIII for violations of the Uniform Commercial Code; (7) Count XIV for violations of the Fair Credit Reporting Act;[2] and (8) Count XVIII for wrongful foreclosure. However, in the Consent Order entered in the United States Bankruptcy Court for the Western District of North Carolina, the Plaintiffs, through counsel, stipulated "[t]hat the automatic stay [had not] been applicable to the real property located at 211 Merit Drive, Shelby, North Carolina and TD Bank's foreclosure of that property is *complete and valid*." [Doc. 56-1 at 2-3](emphasis added). Since each of the

---

[2] 15 U.S.C. §1681.

remaining claims in this case is based on the Plaintiffs' contention that the foreclosure and the proceedings leading up to it were wrongful and thus invalid, it appears to the Court that this stipulation negates all the Plaintiffs' remaining claims.[3] The Court will, however, provide the parties with an opportunity to address this issue.

As to the Plaintiffs' Motion for Attachment Lien and Motion for Quiet Title Action, the Consent Order which they entered into in Bankruptcy Court renders each motion moot. As a result, each will be denied.

As to Smith's latest motion to intervene, it is denied for the same reasons as previously stated in this Court's Order of August 10, 2012. [Doc. 49 at 16-22]. Smith is cautioned not to file such a motion again. She is also advised once again that as she is not an attorney she may not file response to this Order on behalf of her mother.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Attachment Lien [Doc. 53] and Motion for Quiet Title Action [Doc. 54] are hereby **DENIED**.

---

[3] The Defendant did not move for summary judgment as to such claims presumably because the Stipulation filed by the Plaintiffs in their bankruptcy proceeding was filed after the deadline for a summary judgment motion in this action had expired. [Doc. 11].

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion for Extension of Time [Doc. 59] is construed by the Court as a motion to continue and as such, is hereby **GRANTED**. This action is hereby **CONTINUED** from the November trial term.

**IT IS FURTHER ORDERED** that the Motion to Intervene of Michelle Smith [Doc. 60] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that on or before forty-five (45) days from entry of this Order, the parties may respond to the issue of whether the Consent Order entered in the United States Bankruptcy Court on September 12, 2012 operates to negate each of the remaining claims in this action. Such response may not exceed ten (10) pages in length, double spaced in fourteen point type. Failure to provide response may result in the dismissal of this action without further notice.

Signed: October 29, 2012

Martin Reidinger
United States District Judge