# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv225

| | |
|---|---|
| HELEN CLIETTE HOUEY and<br>EMMANUEL HOUEY,<br><br>    Plaintiffs,<br><br>vs.<br><br>CAROLINA FIRST BANK, TD BANK,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**THIS MATTER** is before the Court on the Defendant's Response to the October 30, 2012 Order, Motion for Summary Judgment and Incorporated Memorandum of Law [Doc. 65].

## PROCEDURAL AND FACTUAL BACKGROUND

In August 2011, Plaintiffs Helen Cliette Houey (Helen) and Emmanuel Houey (Emmanuel), appearing *pro se*, filed a thirty-seven page Complaint in state court alleging eighteen causes of action against the Defendants. [Doc. 1-1]. The Houeys alleged $290,000.00 in damages stemming primarily from the Defendants' foreclosure of real property allegedly owned

solely by Helen in Shelby, North Carolina.[1]  [Id.].  The property at issue had been pledged as collateral for a commercial promissory note. [Id.].  TD is the successor by merger to Carolina First Bank and it removed the action to this Court on September 8, 2011 on the basis of diversity and federal question jurisdiction.[2]  [Doc. 1].  The property was sold at foreclosure on February 28, 2012 to TD as the highest bidder. [Doc. 48].  The Deed was recorded on April 9, 2012 in Book 1633 at Page 0573 in the Office of the Register of Deeds of Cleveland County, North Carolina. [Id. at 2].

On March 5, 2012, Helen and Emmanuel filed a Chapter 13 Petition in the United States Bankruptcy Court.  [Doc. 49]. On August 10, 2012, this Court ruled that the automatic stay provisions of 11 U.S.C. §362 do not apply to this action and thus dismissed ten of the claims alleged in the Complaint.  [Doc. 49].  On September 12, 2012, Helen and Emmanuel entered into a Consent Order in the United States Bankruptcy Court for the Western District of North Carolina.  [Doc. 56-1 at 2].  In that Order, they agreed "[t]hat the automatic stay [had not] been applicable to the real

---

[1] Emmanuel Houey has never appeared in this action although his name appears on the caption.  It is also undisputed that he did not own the property which is the subject matter of this action.

[2] The Court hereafter refers to the Defendants in the singular since TD has succeeded to all interest of Carolina First Bank.

property [at issue] and TD Bank's foreclosure of that property is complete and valid." [Id. at 3].

As a result, this Court ordered the parties to respond as to whether that Order negated any claim alleged in this action. [Doc. 63]. Helen and Emmanuel failed to file any response. TD moved for summary judgment. [Doc. 65]. As result, the Plaintiffs were provided notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the burden faced in opposing a motion for summary judgment. [Doc. 67].

On January 2, 2013, Helen filed two motions for an extension of time within which to respond to the Motion for Summary Judgment. [Doc. 68; Doc. 69]. Emmanuel made no appearance whatsoever. On January 11, 2013, the Magistrate Judge extended the time within which the Plaintiffs could respond to February 1, 2013. [Doc. 70]. No response to the motion has been filed.

## STANDARD OF REVIEW

> Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, ... show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003), cert. denied 541 U.S. 1042, 124 S.Ct. 2171, 158 L.Ed.2d 732 (2004) (emphasis in original).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied 513 U.S. 814, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. Id.

A party opposing a properly supported motion for summary judgment

"may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth specific facts showing that

there is a genuine issue for trial." Furthermore, neither "[u]nsupported speculation," nor evidence that is "merely colorable" or "not significantly probative," will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, then, regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law," "summary judgment, if appropriate, shall be entered."

Id.

Nonetheless, in considering the facts for the purposes of a summary judgment motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## DISCUSSION

The Plaintiffs have failed to respond to the Motion for Summary Judgment. This is not the first time, moreover, that they failed to abide by the deadlines provided by this Court. [Doc. 18; Doc. 51; Doc. 63]. The Court has reviewed the Defendants' motion and finds that it is factually and legally correct. No response or opposition having been filed by the Plaintiffs, the motion is granted and this action is dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law [Doc. 65] is hereby **GRANTED** and this action is hereby **DISMISSED** with prejudice.

Signed: February 4, 2013

Martin Reidinger
United States District Judge