# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv225

| | |
|---|---|
| HELEN CLIETTE HOUEY and EMMANUEL HOUEY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| CAROLINA FIRST BANK, TD BANK, | )<br>) |
| Defendants. | )<br>) |

## ORDER

**THIS MATTER** is before the Court on the Notice of Passing of *Pro Se* Plaintiff, Motion to Intervene, Motion for Extension of Time, Motion for Relief and Motion to Request Assistance from Court [Doc. 73].

In August 2011, Plaintiffs Helen Cliette Houey (Helen) and Emmanuel Houey (Emmanuel), appearing *pro se*, filed a thirty-seven page Complaint in state court alleging eighteen causes of action against the Defendants. [Doc. 1-1]. The Houeys alleged $290,000.00 in damages stemming primarily from the Defendants' foreclosure of real property allegedly owned solely by Helen in Shelby, North Carolina. [Id.]. The property at issue had

been pledged as collateral for a commercial promissory note. [Id.]. TD is the successor by merger to Carolina First Bank and it removed the action to this Court on September 8, 2011 on the basis of diversity and federal question jurisdiction.[1] [Doc. 1]. The property was sold at foreclosure on February 28, 2012 to TD as the highest bidder. [Doc. 48]. The Deed was recorded on April 9, 2012 in Book 1633 at Page 0573 in the Office of the Register of Deeds of Cleveland County, North Carolina. [Id. at 2].

On March 5, 2012, Helen and Emmanuel filed a Chapter 13 Petition in the United States Bankruptcy Court. [Doc. 49]. On August 10, 2012, this Court ruled that the automatic stay provisions of 11 U.S.C. §362 did not apply to this action and dismissed ten of the claims alleged in the Complaint. [Doc. 49]. On September 12, 2012, Helen and Emmanuel entered into a Consent Order in the United States Bankruptcy Court for the Western District of North Carolina. [Doc. 56-1 at 2]. In that Order, they agreed "[t]hat the automatic stay [had not] been applicable to the real property [at issue] and TD Bank's foreclosure of that property is complete and valid." [Id. at 3].

As a result, this Court ordered the parties to respond as to whether

---

[1] The Court hereafter refers to the Defendants in the singular since TD has succeeded to all interest of Carolina First Bank.

that Order negated any claim alleged in this action. [Doc. 63]. Helen and Emmanuel failed to file any response. TD moved for summary judgment. [Doc. 65]. As result, the Plaintiffs were provided notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the burden faced in opposing a motion for summary judgment. [Doc. 67].

On January 2, 2013, Helen filed two motions for an extension of time within which to respond to the Motion for Summary Judgment. [Doc. 68; Doc. 69]. Emmanuel made no appearance whatsoever. On January 11, 2013, the Magistrate Judge extended the time within which the Plaintiffs could respond to February 1, 2013, [Doc. 70], but no response to the motion was filed.

In ruling on the Defendant's Motion for Summary Judgment, the Court noted that the Plaintiffs had failed to respond to it and that they had previously failed to abide by the deadlines provided by this Court. [Doc. 18; Doc. 51; Doc. 63]. Having reviewed the Defendants' motion, the Court found that it was factually and legally correct. No response or opposition having been filed by the Plaintiffs, the motion was granted and the action was dismissed on February 5, 2013. [Doc. 71]. Judgment in favor of the Defendant and against the Plaintiffs was entered that same day. [Doc. 72].

No appeal was taken and the Order and Judgment entered on February 5, 2013 are final. Fed.R.Civ.P. 60(c)(2).

In this most recent of repeated attempts to prevent the inevitable dismissal of this case, Katrina Smith, who purports to be the Executrix of the Estate of Helen Houey, has moved to intervene in the action due to Helen's death. [Doc. 73]. Although an extension of time is requested, there is no explanation of the time period for which extension is sought. Although relief is requested, there is no further explanation in support thereof; and, there is no action pending.

This action has been dismissed and Judgment has been entered against the Plaintiffs. There is no action into which intervention may occur.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Notice of Passing of *Pro* Se Plaintiff, Motion to Intervene, Motion for Extension of Time, Motion for Relief and Motion to Request Assistance from Court [Doc. 73] are hereby **DENIED**.

Signed: March 30, 2013

Martin Reidinger
United States District Judge